## STATE OF CONNECTICUT *v.* MARLIK MOURNING (SC 15913)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued January 20—officially released January 25, 1999*

---

* January 25, 1999, the date that this decision was released as a slip opinion, is the operative date for all substantive purposes.

*Nancy Burton*, for the appellant (defendant).

*Eileen McCarthy Geel*, deputy assistant state's attorney, with whom were *Robert C. Brunetti*, assistant state's attorney, and, on the brief, *Walter D. Flanagan*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. This is a certified appeal; *State* v. *Mourning*, 244 Conn. 924, 714 A.2d 11 (1998); from the judgment of the Appellate Court; *State* v. *Mourning*, 47 Conn. App. 916, 703 A.2d 1194 (1997); affirming the trial court's judgment, dated November 16, 1996, finding the defendant in violation of probation and imposing the previously suspended three year sentence of incarceration. The defendant has, therefore, been incarcerated since that date. We have determined, for reasons that will appear in a full opinion to be released subsequently,[1] that the dispositional phase of the probation revocation proceeding was flawed and that, therefore, that aspect of the judgment must be reversed and a new dispositional hearing held. See *State* v. *Strickland*, 243 Conn. 339, 703 A.2d 109 (1997). In order to give full effect to our determination, however, it is necessary that the defendant's incarceration be terminated immediately, pending the new dispositional hearing.[2]

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction (1) to reverse the judgment of the trial court in part and (2) to remand the case to the trial court for a new dispositional hearing.

[1] See *State* v. *Mourning*, 249 Conn. 242, 733 A.2d 181 (1999).

[2] We assume, also, that, if the defendant still wishes to have a psychological evaluation for purposes of the new hearing, he will be given an opportunity to do so.